UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOSEPH VALINE, | No. 2:16-cv-1027-MCE-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WILLIAM L. MUNIZ, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 13, 2016, he filed this action concurrently with a motion for stay and abeyance (ECF No. 2). On August 30, 2016, respondent filed a motion to dismiss (ECF No. 13) and an opposition to the motion to stay (ECF No. 14). Thereafter, petitioner filed an opposition to the motion to dismiss (ECF No. 15), respondent filed a reply in support of the motion (ECF No. 17), and petitioner filed a surreply (ECF No. 18). For the reasons stated below, both the motion for stay and motion to dismiss should be denied as moot.

Petitioner raises five claims in the habeas petition, namely: (1) that he was convicted by the testimony of an accomplice that was not sufficiently corroborated; (2) that the trial court abused its discretion under Evidence Code section 352 in admitting "gruesome" photographs of the victim's face (3) that instructions given pursuant to CALCRIM Nos. 362, 371, and 372 violated due process by embodying "irrational inferences;" (4) that his trial counsel was

1    constitutionally ineffective in failing to object before and during the trial to unlawful search and
2    seizure of petitioner's cell phone text records; and (5) that the Sacramento County Sheriff
3    unlawfully obtained a statement from Justine Valine by interrogating him while he was not in his
4    right state of mind. ECF No. 1 at 3-4. Respondent states that claims one, four, and five have
5    been properly exhausted in state court. ECF No.13 at 3. Respondent contends, however, that
6    claims two and three have not been presented to the California Supreme Court and are, therefore,
7    unexhausted. *Id*. The motion to dismiss seeks dismissal of the petition without prejudice unless
8    petitioner deletes the unexhausted claims. *Id*. at 3-4.

9    Petitioner initially challenged the motion to dismiss. He argued that, although his
10   appellate counsel did not raise these claims in his petition for review, the court of appeal still
11   ruled on them. ECF No. 15 at 1. Petitioner claimed that, as a consequence, he concluded that
12   exhaustion did not require him to explicitly raise these claims before the California Supreme
13   Court. *Id*. He went on to argue that the state misled him when it ruled on his claims at the
14   appellate level. *Id*. at 2. Finally, he stated that, even if his failure to exhaust these claims was not
15   excused, he ought to be granted a stay to allow their proper exhaustion. *Id*.

16   Respondent subsequently filed a short reply which argued that, regardless of petitioner's
17   personal interpretation of the law, the failure to present these claims to the California Supreme
18   Court rendered them unexhausted. ECF No. 17 at 1-2. Respondent also contended that petitioner
19   had failed to show good cause for a stay. *Id*. at 2.

20   After the motion was submitted, petitioner filed a surreply which stated simply: "I choose
21   to delete claim[s] 2 and 3 from my habeas corpus petition and proceed with the other 3 claims."
22   ECF No. 18.

23   Accordingly, it is hereby RECOMMENDED that:
24   1. Respondent's motion to dismiss (ECF No. 13) be denied as moot.
25   2. The motion to stay (ECF No. 2), which was predicated on this petition being "mixed,"
26      be denied as moot.
27   /////
28   /////

2

3.   This action proceed only on petitioner's first, fourth, and fifth claims. These are, specifically, that: (1) he was convicted by the testimony of an accomplice that was not sufficiently corroborated; (4) that his trial counsel was constitutionally ineffective in failing to object before and during the trial to the unlawful search and seizure of petitioner's cell phone text records; and (5) that the Sacramento County Sheriff unlawfully obtained a statement from Justine Valine by interrogating him while he was not in his right state of mind. All other claims contained in the petition should be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 13, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE