IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOSEPH VALINE,<br><br>                  Petitioner,<br><br>vs.<br><br>WILLIAM L. MUNIZ, Warden, Salinas Valley State Prison,<br><br>                  Respondent. | No. 2:16-cv-01027-JKS<br><br>MEMORANDUM DECISION |

Daniel Joseph Valine, a California state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Valine is in the custody of the California Department of Corrections and Rehabilitation and incarcerated at Salinas Valley State Prison. Respondent has answered, and Valine has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

On May 17, 2013, Valine was charged with murder (Count 1) and first-degree robbery (Count 2). The information also alleged as to Count 1 the special circumstance that the murder was committed during the commission of a robbery and that Valine used and intentionally and personally discharged a firearm during the commission of the offense. Valine pled not guilty and denied the special circumstance and allegation. On October 10, 2013, Valine proceeded to a jury trial. On direct appeal of his conviction, the California Court of Appeal recounted the following facts underlying the charges against Valine and the evidence presented at trial:

> Victim Kelly McClurg was fatally shot at his house, twice in the face and once in the chest over a dispute about stolen marijuana. Present at the shooting were defendant Daniel Joseph Valine, [Valine's] son Justin Valine, and Kailan James, who was the boyfriend of [Valine's] daughter. The question at trial was who pulled the trigger—[Valine] or James.

> The son testified at trial to the following: [Valine] was the shooter; [Valine] emerged from the victim's house carrying a shotgun and James emerged carrying marijuana plants; and [Valine] fled the scene in a car (in which the son and James were the passengers).
> Police recorded a conversation between [Valine], the son, and a sergeant. [Valine] said he was at the victim's house when the shots went off "in front of [him]." James fired the shots. [Valine] grabbed the shotgun from James. The son saw [Valine] grab the shotgun from James. [Valine] fled right afterward.

*People v. Valine*, No. C075411, 2014 WL 6925478, at *1 (Cal. Ct. App. Dec. 9, 2014).

At the conclusion of trial, the jury found Valine not guilty of first-degree murder and first-degree robbery but found him guilty of the lesser offenses of second-degree murder and petty theft. The jury also found the firearm enhancement to be true. The trial court subsequently sentenced Valine to a term of 15 years to life imprisonment on Count 1 plus 25 years to life on the firearm enhancement. Valine was also sentenced to a consecutive term of 90 days in county jail on Count 2 with credit for time served.

Through counsel, Valine appealed his conviction, arguing that: 1) the testimony of his accomplice son was not sufficiently corroborated; 2) the court abused its discretion in admitting five inflammatory photographs of the victim's body; and 3) the consciousness of guilt instructions allowed the jury to draw irrational inferences of his guilt. On December 9, 2014, the California Court of Appeal issued a reasoned, unpublished opinion unanimously affirming the judgment against Valine in its entirety. *Valine*, 2014 WL 6925478, at *3. Valine petitioned for review in the California Supreme Court, which was summarily denied on February 11, 2015.

Valine then filed in the California Superior Court a *pro se* habeas petition in which he claimed that: 1) the testimony of his accomplice son was not sufficiently corroborated; 2) his son's accomplice testimony was wrongfully induced in exchange for giving his son "favorable sentencing conditions;" and 3) the trial court erred in refusing to allow into evidence on

2

redundancy grounds a statement Valine gave to law enforcement. On June 8, 2015, the superior court denied the petition with citations to *In re Harris*, 855 P.2d 391 (Cal. 1993) (denying claims that were part of the record and could have been, but were not, raised on direct appeal), and *In re Waltreus*, 397 P.2d 1001 (Cal. 1965) (stating that, where a petitioner's arguments were presented in a direct appeal to the California courts, a habeas corpus petition in the California courts "ordinarily cannot serve as a second appeal").

Again proceeding *pro se*, Valine filed a habeas petition in the California Supreme Court. This petition alleged that: 1) trial counsel was ineffective for not objecting to law enforcement's unlawful search and seizure of the cell phone records of his daughter, Melissa Valine, and her boyfriend, James; and 2) the statement of his son was unlawfully obtained because it was given when the son "was not in his right state of mind, after suffering a seizure." The Supreme Court summarily denied the petition on June 22, 2016.

While his habeas petition was pending in the Supreme Court, Valine timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court on May 5, 2016. *See* 28 U.S.C. § 2244(d)(1)(A). Briefing is now complete, and the case has been reassigned to the undersigned judge for adjudication.

## II. GROUNDS/CLAIMS

In his *pro se* Petition before this Court, Valine argues that: 1) his son's accomplice testimony was not sufficiently corroborated; 2) trial counsel was ineffective for not moving on Fourth Amendment grounds to suppress evidence obtained from the cell phone records of his daughter and her boyfriend; and 3) his Fourth Amendment rights were violated because his son's

statements to law enforcement were obtained when his son was "not in his right state of mind, after suffering a seizure."

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S.

4

Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Valine has not replied to Respondent's answer. The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where, as here, there is no traverse filed and no evidence offered to contradict the allegations of the return, the court must accept those allegations as true. *See Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

IV. DISCUSSION

Ground 1.     *Lack of Corroboration of Accomplice Testimony*

Valine first argues that the testimony of his accomplice son was not sufficiently corroborated. Under California law, uncorroborated accomplice testimony cannot support a criminal conviction. CAL. PENAL CODE § 1111. As the Court of Appeal explained when rejecting Valine's claim on direct appeal:

> "A conviction can be based on an accomplice's testimony only if other evidence tending to connect the defendant with the commission of the offense corroborates that testimony. The corroborating evidence may be circumstantial or slight and entitled to little consideration when standing alone, and it must tend to implicate the defendant by relating to an act that is an element of the crime. The corroborating evidence need not by itself establish every element of the crime, but it must, without aid from the accomplice's testimony, tend to connect the defendant with the crime."

*Valine*, 2014 WL 6925478, at *1 (citations omitted).

However, the United States Supreme Court has held that "there is no absolute rule of law preventing convictions on the testimony of accomplices if juries believe them." *Caminetti v. United States*, 242 U.S. 470, 495 (1917); *see United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993) ("The uncorroborated testimony of an accomplice is sufficient to sustain a conviction unless it is incredible or insubstantial on its face."). "When we look at the requirements of procedural due process, the use of accomplice testimony is not catalogued with constitutional restrictions." *United States v. Augenblick*, 393 U.S. 348, 352 (1969). Therefore, the requirement of California Penal Code § 1111 that "'a conviction cannot be had upon the testimony of an accomplice unless it be corroborated' is a matter of state law, which does not implicate a federal constitutional right" and cannot be the basis of federal habeas relief. *Barco v. Tilton*, 694 F. Supp. 2d 1122, 1136 (C.D. Cal. 2010).

As the Ninth Circuit has explained, California's statutory law prohibiting convictions based solely on uncorroborated accomplice testimony is only a state law rule: it is not required by Constitution or federal law. *See Laboa v. Calderdon*, 224 F.3d 972, 979 (9th Cir. 2000). Thus, because Valine's claim is grounded in the state law requirement that accomplice testimony be corroborated, he can show no constitutional violation based on the alleged inadequate corroboration. *Takacs v. Engle*, 768 F.2d 122, 127 (6th Cir. 1985) ("If uncorroborated accomplice testimony is sufficient to support a conviction under the Constitution, there can be no constitutional right to instruct the jury that it must find corroboration for an accomplice's testimony."); *see also United States v. Fritts*, 505 F.2d 168, 169 (9th Cir. 1974) (holding on direct review that trial court's failure *sua sponte* give cautionary instruction on accomplice testimony did not warrant reversal).

In any event, the Court of Appeal reasonably concluded that there was sufficient evidence to corroborate his son's testimony:

> The corroborating evidence, which came from [Valine] himself, showed the following three facts. One, [Valine] admitted he was in the victim's house when the shots went off "in front of [him]." Two, [Valine] admitted he "grabbed a-hold of [the gun.]" And three, [Valine] admitted he fled right after the shooting, i.e., "I went straight out to the car. I was in that fuckin' car so fast." This evidence corroborated the accomplice son's testimony that it was [Valine] who fatally shot the victim.

*Valine*, 2014 WL 6925478, at *1 (citation omitted).

This Court is bound by the state appellate court's determination that Alexander's testimony was sufficiently corroborated under state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (noting that the Supreme Court has repeatedly held that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a

federal court sitting in habeas corpus."); *see also Williams v. Calderon*, 52 F.3d 1465, 1480-81 (9th Cir. 1995). Accordingly, Valine is not entitled to relief on this claim.

Ground 2.    *Ineffective Assistance of Counsel*

Valine additionally contends that counsel was ineffective for failing to move for suppression of evidence obtained from the cell phone records of his daughter and her boyfriend. To demonstrate ineffective assistance of counsel under *Strickland v. Washington*, a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. 466 U.S. 668, 687 (1984). A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*

The Supreme Court has explained that, if there is a reasonable probability that the outcome might have been different as a result of a legal error, the defendant has established prejudice and is entitled to relief. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams*, 529 U.S. at 393-95. Where a habeas petition governed by AEDPA alleges ineffective assistance of counsel, the *Strickland* prejudice standard is applied and federal courts do not engage in a separate analysis applying the *Brecht* harmlessness standard. *Avila v. Galaza*, 297 F.3d 911, 918, n.7 (9th Cir. 2002); *see also Musalin v. Lamarque*, 555 F.3d 830, 834 (9th Cir. 2009). Under this rubric, in reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citations omitted); *see also Runningeagle v. Ryan*, 686 F.3d 758, 775 (9th Cir. 2012).

Thus, Valine must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *See Hill v. Lockhart,* 474 U.S. 52, 57 (1985). An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either of the *Strickland* prongs. *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

Valine fails to satisfy this heavy burden. A "person seeking to exclude evidence allegedly obtained in violation of the Fourth Amendment must have standing to challenge the illegal conduct that led to the discovery of the evidence." *United States v. Pulliam*, 405 F.3d 782, 786 (9th Cir. 2005). To establish standing "the defendant must establish that he or she had a 'legitimate expectation of privacy' in the place searched or in the property seized." *United States v. Kovac*, 795 F.2d 1509, 1510 (9th Cir. 1986) (quoting *Rakas v. Illinois*, 439 U.S. 128, 143-44 (1978)). Valine would have been unable to challenge the search of the cell phone records because he could not have shown a legitimate expectation of privacy in the records of others. A "person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *United States v. Pulliam*, 405 F.3d 782, 785-86 (9th Cir. 2005) (quoting *Rakas*, 439 U.S. at 134). Consequently, because such challenge was without merit, counsel cannot be deemed ineffective for not making it. *See Rupe*

9

*v. Wood*, 93 F.3d 1434, 1444-45 (9th Cir. 1996) (defense counsel's failure to raise a meritless argument or to take a futile action does not constitute ineffective assistance of counsel).

Ground 3.  *Son's Coerced Statement to Law Enforcement*

Finally, Valine claims his Fourth Amendment rights were violated because his son's statements to law enforcement were obtained when his son was "not in his right state of mind, after suffering a seizure." To the extent that Valine brings a true Fourth Amendment claim, such claim is not cognizable on federal habeas review because his arguments are precluded by the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976).[1] Under *Stone*, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus relief will not lie for a claim that evidence recovered through an illegal search or seizure was introduced at trial. The Ninth Circuit has made clear that all *Stone* requires is that the State provide a petitioner the opportunity to litigate his Fourth Amendment claim. *See Moormann v. Schiro*, 426 F.3d 1044, 1053 (9th Cir. 2005). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Oritz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). California provides such an opportunity, *see* CAL. PENAL CODE § 1538.5; *Gordan v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990), and thus Valine's Fourth Amendment claim is not cognizable here.

---

[1] Notably, the Supreme Court has concluded that the restrictions on federal habeas review of Fourth Amendment claims announced in *Stone* do not extend to Sixth Amendment claims of ineffective assistance of counsel challenging counsel's actions with respect to motions to suppress evidence allegedly obtained in violation of the Fourth Amendment. *Kimmelman v. Morrison*, 477 U.S. 365, 382-83 (1986). Because of this, Valine's ineffective assistance claim relating to counsel's failure to move for suppression of the cell phone records (Ground 2) is cognizable on federal habeas review and discussed *supra.*

The thrust of his claim, however, appears to be that his due process rights were violated when the court admitted into evidence the incriminating statement of a witness that was involuntarily given. The Ninth Circuit has stated that using a witness's coerced statement at the trial of another can violate due process because "illegally obtained confessions may be less reliable than voluntary ones . . . ." *Douglas v. Woodford*, 316 F.3d 1079, 1092 (9th Cir. 2003). According to the Ninth Circuit, a habeas petitioner may obtain habeas relief based on the admission of testimony derived from such coercion if the admission of the witness's testimony rendered the petitioner's trial so fundamentally unfair as to violate due process. *Williams v. Woodford*, 384 F.3d 567, 593 (9th Cir. 2004).

But "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.' It therefore cannot form the basis for habeas relief under AEDPA." *See Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (citation omitted). Although the Supreme Court has clearly held that an accused's coerced confession cannot be used against him at trial, *see, e.g.*, *Colorado v. Connelly*, 479 U.S. 157, 167 (1986), it has never held that an accused can challenge the admission of a witness's coerced confession, *see Samuel v. Frank*, 525 F.3d 566, 569 (7th Cir. 2008) (noting lack of Supreme Court authority on issue); *Melgoza v. Kirkland*, No. C 06-04861, 2012 WL 4903473,*14 (N.D. Cal. Oct.15, 2012) (stating that Supreme Court has only held that due process is violated by admission of coerced third party testimony if prosecution knows testimony to be false). While the Supreme Court's opinions could be read to suggest that conclusion, any such reading necessarily would be based on the Supreme Court's dicta, rather than on its actual holdings. *See Williams*, 529 U.S. at 412 (2000) (explaining that phrase "clearly established Federal law, as determined by the Supreme Court of the United

11

States," as used in 28 U.S.C. § 2254(d)(1), "refers to the holdings, as opposed to the dicta," of Supreme Court decisions). Lacking any clearly established Supreme Court authority governing Valine's claim, it cannot be concluded that the state courts' rejection of that claim contravened or unreasonably applied federal law. *Carey*, 549 U.S. at 77 (noting that, where the Supreme Court has not adequately addressed a claim, a federal court cannot find a state court ruling unreasonable).

Regardless, even if Valine could show that he has a clearly established right to challenge the admission at trial of a witness's coerced statement, habeas relief nevertheless would be unwarranted here because the record does not support Valine's bare assertion that his son's statements to police were improperly obtained. Here, the son admitted that Valine committed the crime prior to having the seizure, paramedics determined after the seizure that the son was fit to continue the interview, and, after the interview had been completed and Valine and his son were being transported to jail, the son again volunteered to a transporting officer that Valine was the shooter. Moreover, Valine cannot show the admission of any illegally obtained statements because the record indicates that none of the son's statements made after the seizure were actually admitted at trial. Accordingly, Valine is not entitled to relief on this claim.

## V. CONCLUSION AND ORDER

Valine is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain

a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).  Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: July 12, 2017.

    /s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge